IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 4:00CR31(06) |
| | § | |
| ISAAC K. BIEGON | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOVANT'S**
***PRO SE* PETITION FOR WRIT OF CORAM NOBIS**

Pending before the court is Movant's *pro se* "Petition for Writ of Coram Nobis" (Dkt. #275) filed on March 21, 2022. A review of this case that began 22 years ago is warranted. On April 12, 2000, the grand jury returned a two-count indictment against the Movant and five others. The Movant was charged with conspiracy to transport stolen goods in interstate commerce in violation of 18 U.S.C. § 371 (count one) and interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (count two). The court appointed Bobbie Peterson Cate (formerly known as Bobbie J. Peterson) to represent the Movant on May 23, 2000. (Dkt. #35). On July 7, 2000, the Movant filed a motion for substitution of counsel. (Dkt. #75). In the motion, the Movant advised the court that he had retained Michael P. Heiskell to represent him and no longer required Bobbie Peterson Cate's services. The court granted the motion on July 10, 2000. (Dkt. #76).

On July 19, 2000, a notice of plea agreement was filed with respect to the Movant. (Dkt. #80). However, at the Movant's change of plea hearing, the Movant advised the court that he did not wish to enter a plea of guilty. (Dkt. #89). On October 16, 2000, the Movant and two co-defendants proceeded to trial. On October 19, 2000, the jury found the Movant and the two co-defendants guilty on both counts of the indictment. Ultimately, the Movant was one of "six people

convicted for carrying out a conspiracy to traffic in stolen airline tickets." *United States v. Onyiego*, 286 F.3d 249, 251 (5th Cir. 2002), *cert. denied* 537 U.S. 910, 123 S.Ct. 254, 154 L.Ed.2d 189 (2002).

On February 20, 2001, the Movant filed a (presumably) *pro se* motion to substitute attorney. (Dkt. #157). On the same date, Bobbie Peterson Cate filed a notice of appearance. (Dkt. #158). On February 22, 2001, Michael P. Heiskell filed a motion to withdraw as Movant's counsel. (Dkt. #162). The court granted the Movant's *pro se* motion on February 23, 2001 (Dkt. #166) and Michael P. Heiskell's motion on March 2, 2001 (Dkt. #169).

On May 8, 2001, the Movant was sentenced by the undersigned to nine months imprisonment to be followed by a three year term of supervised release. The court signed the judgment on May 10, 2001 and it was entered of record on May 11, 2001.

The Movant subsequently filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. The court appointed David Moraine to represent the Movant on appeal. On March 15, 2002, the Fifth Circuit affirmed the Movant's conviction and sentence. *United States v. Onyiego*, 286 F.3d 249 (5th Cir. 2002).

On June 27, 2001, the Movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with this court. *Biegon v. United States*, Civil Action No. 4:01-CV-201 (E.D. Tex. 2001). On August 2, 2001, Magistrate Judge Robert Faulkner issued a report and recommendation, recommending that the Movant's case be dismissed without prejudice for failure to prosecute. On September 24, 2001, the court adopted the findings and conclusions of the Magistrate Judge, denied the Movant's § 2255 motion, and dismissed the case without prejudice. A final judgment was issued on the same day.

Now before the court is the Movant's petition for writ of *coram nobis*. In his petition, the Movant alleges that he received the ineffective assistance of counsel from his trial attorney, Mr. Heiskell, pretrial and at trial. More specifically, the Movant maintains that he is actually innocent of the crimes charged. The Movant alleges that he advised Mr. Heiskell that he did not commit the charged offenses but Mr. Heiskell was not interested in the Movant's assertion and urged him to enter into a plea agreement with the Government. The Movant claims that Mr. Heiskell did not take into consideration the fact that the Movant was not a citizen of the United States and whether a plea of guilty could subject the Movant to deportation. Additionally, the Movant contends that Mr. Heiskell failed to move for the suppression of certain evidence and failed to call certain witnesses to testify at trial. The Movant also alleges that Mr. Heiskell failed to adequately examine witnesses at trial.

The Movant appears to state that Ms. Cate also provided the ineffective assistance of counsel. From his vague allegations, it appears to the court that the Movant is alleging that Ms. Cate did not perfect an appeal on his behalf or advise the Movant about the ability to file the instant petition. The Movant also complains of his appellate counsel, Mr. Moraine, but only to the extent that he failed to advise the Movant about his ability to file the instant petition.

The court notes, however, that the Movant confesses the factor driving this petition:

> Counsel also didn't advise Biegon on the civil disability consequences of post-conviction. Biegon applied for a Law program at Purdue University Global in May 2021 and the admission committee had issues with his conviction record. Texas doesn't allow criminals to pursue Law.
>
> This was the trigger moment that put Biegon on the path to try and find a solution to his conviction records.

PET. FOR WRIT OF *CORAM NOBIS*, (Dkt. #275), pp. 7-8.

> "The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996); *see also United States v. Peter*, 310 F.3d 709, 712 (11th Cir.2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

*United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).  The *Esogbue* court continued:

> The writ of error *coram nobis* "will issue only to correct errors resulting in a complete miscarriage of justice." *Jimenez*, 91 F.3d at 768 (footnote omitted). Our court has held that ineffective assistance of counsel, if proven, can be grounds for *coram nobis* relief. *See Castro*, 26 F.3d at 559–60 (reversing denial of *coram nobis* petition and remanding for determination of whether counsel rendered ineffective assistance by failing to advise Castro of the availability of a judicial recommendation against deportation or to request same from the sentencing court).[1]

*Esogbue*, 357 F.3d at 534–35.  The *Esogbue* court reasoned that:

> [T]he writ of *coram nobis* is an extraordinary remedy to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Id*. at 511, 74 S.Ct. 247.  A writ of *coram nobis* "will issue only when no other remedy is available and when 'sound reasons exist[ ] for failure to seek appropriate earlier relief.' " *United States v. Dyer*, 136 F.3d at 422 (quoting *Morgan*, 346 U.S. at 512, 74 S.Ct. 247).[2]  Thus, in order to establish his entitlement to the writ, [the Movant] must, *inter alia*, provide "sound reasons" for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody. An assertion that he would have been unable to satisfy the stringent standards for filing a successive § 2255 motion while he was in custody is not such a "sound reason." *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir.2002) ("*coram nobis* is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255"), *cert. denied*, 537 U.S. 1211, 123 S.Ct. 1304, 154 L.Ed.2d 1059 (2003);

---

[1] *United States v. Castro*, 26 F.3d 557 (5th Cir.1994).

[2] *United States v. Dyer*, 136 F.3d 417 (5th Cir.1998).

>   *Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir.) ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002).

*Esogbue*, 357 F.3d at 535.

Here, the Movant filed a timely § 2255 motion. However, the Movant failed to prosecute his § 2255 motion and the case was dismissed without prejudice for failure to prosecute. Although the impetus behind the current petition is in response to being denied entry into a legal studies program in 2021, the underlying basis for the instant petition was known to the Movant at the time he filed his § 2255 motion.[3] To be clear, in the instant motion, the Movant is seeking a collateral attack on his criminal judgment because his trial counsel was ineffective. The Movant claims that Mr. Heiskell was ineffective for (1) failing to move to suppress evidence, (2) failing to call certain witnesses to testify at trial, (3) failing to adequately examine witnesses at trial, (4) failing to believe the Movant's claim of actual innocence, and (5) failing to consider deportation as a consequence of a plea of guilty.[4] Since the Movant would have been aware of his claims of ineffective assistance of counsel at the time he filed his § 2255 motion, the court does not know of any reason (and the Movant has not provided any reason) why the Movant could not have reasonably prosecuted the same in his § 2255 motion. The Movant chose not to pursue his § 2255 motion over two decades

---

[3] Unlike the prospect of deportation, failure to gain entry into a legal studies program is not an adverse collateral consequence of the Movant's conviction. *See Esogbue*, 357 F.3d at 534.

[4] Although the Movant claims that his counsel was ineffective for failing to consider the prospect of deportation, the Movant makes no mention of any deportation proceedings that were commenced against him. Indeed, in his petition, the Movant provided an address in Irving, Texas, indicating that he still resides in the United States.

ago.  Since the Movant could have reasonably pursued the relief he is now seeking in his prior § 2255 motion, and since the Movant failed to provide any reason as to why he not only did not pursue such relief in his prior § 2255 motion but also abandoned pursuit of any such relief in his prior § 2255 motion, the court finds that the Movant has failed to establish his entitlement to *coram nobis* relief.  As such, the Movant has failed to make "the necessary showing of a complete miscarriage of justice."  *Id*.[5]  Based on the foregoing, it is hereby

**ORDERED** that Movant's *pro se* "Petition for Writ of Coram Nobis" (Dkt. #275) is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this the 10th day of April, 2022.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[5]Likewise, any claims of ineffective assistance of counsel as to his counsel at sentencing and on appeal conclude with the same result.  The Movant claims that his counsel at sentencing and his appellate counsel were ineffective for failing to advise him of his right to file a petition for writ of *coram nobis*.  This extraordinary writ is used to collaterally attack the judgment.  Even if it could be argued that counsel failed to advise the Movant about his right to file a writ of *coram nobis*, such failure would not rise to the level of a collateral attack on the judgment.  With respect to the Movant's claim that Ms. Cate was ineffective for failing to perfect an appeal, the court finds that said claim fails because the Movant could have pursued this claim in his abandoned § 2255 motion.